Carüthers, J.,
delivered the opinion of the Court.
The defendant was indicted for extortion as a constable. An execution came to his hands • against Shad drick Trammel, in favor of Kerr and Burton, on 23d of April, 1857, which was levied upon a bay mare, the property of Trammel, and .for this levy he charged and *68 received one dollar, as a part of his costs. The indictment charges that this was extortion, as he was only entitled by law to fifty cents.
The indictment was quashed on motion of defendant, upon the ground, that he was entitled to the fee of one dollar by the act of 1856, eh. 264, § 7. By that act the fees of all officers are fixed, and all other acts on that subject repealed, by the 15th and last section. So it follows, that unless this fee of one dollar, is allowed by that act, it was taken without authority of law, and is consequently extortion.
The 7th section of the act, page 547, provides, that constables shall be entitled to the same fee “for collecting on executions as sheriffs.” By § 6, page 546, the sheriff is allowed “ for collecting money on execution, for the first hundred dollars, $4 00; for every $100, over $100, and not exceeding $300, $3 00; and for every $100 over $300, $2 00.” The preceding item is, “for levying an execution upon any property, real or personal, $1 00.”
In the constable’s fee bill, there is no fee provided for a levy. But it is argued that it is embraced in the clause above quoted, “for collecting on execution the same as sheriff.”
These services are entirely distinct. The sheriff is to have the designated per cent, “for collecting money on execution,” and for that the constable is to have the same. But the sheriff is to be paid over and above this, where he has to make a levy, one dollar for that service. Not so, as to the constable; there is no provision that he is to have for a levy, the same as a sheriff, or any other amount.
*69 Eor “serving a -warrant” lie is to have the “same as sheriff.” The levy is a different service from the execution of the warrant, or “collecting the money.” Neither can possibly, by any fair construction, he made to include the other, in the connection in which we find' them. This may possibly have been the intention of the Legislature, but their intention can only be legitimately arrived at by the Courts, by a fair construction of the language they use, with reference to the context. It may be, and perhaps was an omission, but we have no authority to supply it. They surely should have allowed a constable a fee for making the levy, in addition to that for the service of the warrant, or collecting and paying over the money; and this should have been equal to the fee given to the sheriff. . This will doubtless be done, when the defect or omission is discovered, and brought to the attention of the Legislature.
Yet, it is beyond our power to add to of detract from what they have enacted. Nor are we allowed to yield to hard cases in the enforcement of the law.
/JThis defendant doubtless, honestly believed he was entitled to the fee charged, and we very much regret the necessity we are under to declare the law in this case to be against him, by which he will be subjected to a penalty, on that account.
But the principle that it is extortion to exact fees not allowed by law, is indispensable for the protection of the people, and cannot be relaxed.
Every officer must beware that he takes no compensation for services not sanctioned by some law on the subject. He collects costs at his peril; and for each and every item, must be able to put his finger upon *70 ome particular act, Williams vs. State, 2d Sneed, 162. This item charged by the defendant is not allowed by any act of Assembly, and is therefore extortion, and indictable. Under no act can he charge anything for that service.
The judgment of the Court quashing the indictment is erroneous, and must be reversed, and the case remanded for trial.